| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| | Criminal No. ELH-08-381 |
| v. | Related Civil No.: ELH-12-2374 |
| CALVIN WRIGHT, | |
| *Defendant*. | |

## MEMORANDUM

This criminal case involved multiple charges against ten defendants. Two of those defendants, Johnnie Butler and Calvin Wright, proceeded to trial before the Honorable Benson E. Legg, beginning in January 2010. This Memorandum addresses Wright's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782, filed by counsel on his behalf. ECF 642 ("Motion"). The government opposes the Motion. ECF 647. Wright has replied. ECF 656.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall grant the Motion.

## I. Background

On January 29, 2010, following a thirteen-day trial on a Fourth Superseding Indictment (ECF 321),[1] a jury in the District of Maryland convicted Wright of Count One, conspiracy to distribute one kilogram or more of heroin and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(C). *See* ECF 383 (Jury Verdict, filed 2/2/10). Wright was also convicted of Count Three, charging possession of a firearm on September 11, 2008, in furtherance of the drug conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* And, he was

---

[1] Only Butler and Wright were named in ECF 321.

convicted of Count Four, possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g)(1). *Id.* Finally, he was convicted of Count Five, charging possession with intent to distribute heroin on September 11, 2008, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.*[2]

Wright was sentenced on April 28, 2010. ECF 419. According to Judge Legg, the defendant had a total offense level of 40 and a criminal history category of IV, with total advisory sentencing guidelines of 360 months to life imprisonment for Count One. ECF 426. In particular, Judge Legg sentenced Wright to a term of 360 months as to Count One; the mandatory minimum sentence of 60 months, consecutive, as to Count Three; 120 months, concurrent, as to Count Four; and 240 months, concurrent, as to Count Five, for a total term of imprisonment of 420 months (35 years). ECF 425 (Judgment) at 2.

Thereafter, Wright noted an appeal. ECF 428. The Fourth Circuit affirmed on May 18, 2011 (ECF 509) and the mandate issued on June 9, 2011. ECF 511.

On August 8, 2012, Wright filed a motion to vacate under 28 U.S.C. § 2255. On August 9, 2012, the case was reassigned to me, due to the retirement of Judge Legg. On October 1, 2014, I ordered the appointment of counsel for Mr. Wright. ECF 594.

Butler filed a post-conviction motion on November 26, 2012. *See* ECF 564. On January 15, 2015, during the course of post-conviction proceedings as to Butler, the government submitted the affidavit of the former lead prosecutor, George Hazel. ECF 611-1. By that time, the former prosecutor had become a member of this Court and, as such, one of my colleagues.

---

[2] Butler, the lead defendant, was charged in Count Two with possession and discharge of a firearm, causing the death of Fernando Rodriguez, in furtherance of a drug-trafficking crime. However, Butler was found not guilty of that offense. Wright was not charged with that crime.

Therefore, on January 16, 2015, I recused myself from further consideration of the case and requested an out-of-district assignment of another judge. ECF 612.

On February 3, 2015, Butler's case was transferred to Judge David Faber, who serves in West Virginia. *See* Docket. A few days later, Wright's case was also transferred to Judge Faber.

Of relevance here, by Order of September 30, 2016, Judge Faber denied Wright's motion to vacate under § 2255. *See* ECF 641. Judge Faber subsequently issued a comprehensive, well reasoned Memorandum Opinion and Order on October 13, 2016 (ECF 644), which he subsequently amended (ECF 648), providing the basis for his denial of Wright's § 2255 motion and denying a certificate of appealability. ECF 648. The Fourth Circuit subsequently denied a certificate of appealability and dismissed Wright's appeal on February 22, 2017. ECF 655. The Mandate issued on April 17, 2017.

On October 11, 2016, soon after Judge Faber had ruled, Wright filed a motion to reduce sentence, through counsel, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. *See* ECF 642. At that time, the case was still assigned to Judge Faber. The case was reassigned to me on March 6, 2018 (Docket), for disposition of the motion for reduction of sentence.

Additional facts are included in the Discussion.

## II. Discussion

The Presentence Report ("PSR")[3] reflects, *inter alia*, that the probation agent grouped Counts One, Four, and Five, but not Count Three, for purposes of calculating the defendant's advisory sentencing guidelines range. *See* ¶ 16. Paragraph 18 indicates that the defendant had a base offense level of 36, in accordance with the drug quantity table then in effect. *See* U.S.S.G.

---

[3] The Presentence Report is contained in Judge Legg's file. It was not docketed, however. Contemporaneous with the filing of this Memorandum, I will docket the Presentence Report, under seal.

§ 2D1.1(c)(2).  In particular, the amount of cocaine involved at least 15 kilograms but less than 50 kilograms and the amount of heroin involved at least 10 kilograms but less than 30 kilograms.  PSR, ¶ 18.  Four levels were added based on role in the offense, pursuant to § 3B1.1(a) of the Guidelines.  *See id.*, ¶ 21.  Obviously, there were no deductions under § 3E1.1.  And, based on the defendant's conviction in Count Three for an offense under 18 U.S.C. § 924(c), the Court was required to impose a mandatory minimum sentence of five years, consecutive, under 18 U.S.C. § 924(c) and § 2K2.4(b) of the Guidelines.  *See also* ECF 481 (Sentencing Transcript).

At sentencing on April 28, 2010 (ECF 419), the government argued for a base offense level of 36, based on a drug quantity in the 10 to 30 kilogram range.  ECF 481 at 5.  As to the four-level enhancement for role in the offense, the government described Mr. Wright as "sort of the second in command, so to speak."  *Id.* at 13.  Defense counsel disputed the quantity of drugs foreseeable to Wright.  *Id.* at 10-11.  The defense argued for a drug quantity of one kilogram (*id.* at 12), and urged a final offense level of 34, with guidelines of 210 to 262 months of incarceration, rather than 360 months to life imprisonment.  *Id.* at 12, 31-32.

Judge Legg noted the "extensive nature of the conspiracy," among other things, and found that "10 kilograms or more is the reasonable quantity to plug into the guidelines in the drug quantity table."  *Id.* at 15.  He recognized that Wright "played a subordinate role to Mr. Butler," and that Butler "was definitely the mastermind and the leader of the overall conspiracy."  *Id.* at 16.  Although Judge Legg did not attribute the murder of Fernando Rodriguez to Wright, he observed that Wright played a role, because he assisted in disposing of the corpse.  *Id.* at 22.  Judge Legg assigned a four-level enhancement for role in the offense.  *Id.* at 16-17.

Judge Legg determined that the defendant's total offense level was 40. ECF 419 at 17. The PSR reflected a criminal history category of IV. *Id.* ¶ 36.[4] Therefore, the Court found that the sentencing guidelines range was 360 months to life imprisonment. ECF 419 at 17.

The government sought a sentence for Count One of 530 months, *i.e.*, 45 years. *Id.* at 25. Given that Count Three required a consecutive sentence of five years, the government sought a total sentence of 50 years. *Id.* at 25, 26.

To be sure, the government provided sound reasons for its recommendation. The argument included the murder of Sentia Mason, for which charges were pending in State Court. No testimony was presented at the trial in this case as to that murder, but the government argued that Wright again "serv[ed] as cleanup guy helping his boss [*i.e.*, Butler] . . . to get away with a very heinous crime." *Id.* at 22-23.

Judge Legg carefully considered the government's persuasive argument. He observed that the defendant came from "a good family, very well educated, responsible . . . ." *Id.* at 35. Moreover, he described Wright as "articulate" and "intelligent." *Id.* at 36. And, he described the drug conspiracy as "systematic," involving firearms and violence. *Id.* at 36, 37. But, he declined to attribute the Mason murder to Wright. *Id.* at 36.

Given that Judge Legg presided at the trial, he had full knowledge of all the underlying facts and circumstances. He determined that it was appropriate to go to the bottom of the guidelines range with respect to Count One. In his view, the government's proposed sentence of 50 years was "too long measured against Mr. Wright's age and his life expectancy . . . ."[5] Judge

---

[4] The defendant had one prior federal drug conviction for which he received a 24-month sentence (PSR, ¶ 29) and one prior offense for driving while impaired. PSR, ¶ 31. He committed the underlying offense while on supervised release.

[5] The defendant was born in 1972. *See* PSR at 1.

Legg reasoned, *id.* at 37: "In my view, the guideline sentence in this case is a reasonable sentence to impose, that serves the goals and recognizes the seriousness of the offense, deterring the defendants, deterring others." *Id.* He continued, *id.* at 38: "So that the sentence that I impose is as follows: On Count 1, a sentence of 360 months. . . . ."

In its response to the Motion (ECF 647), the government expressly recognizes that Wright is "eligible for a sentencing reduction" (ECF 647 at 2), but argues that this does not mean he is entitled to one "'as a matter of right.'" *Id.* at 3 (citing U.S.S.G. § 1B1.10 app. n.8). Pursuant to the factors in 18 U.S.C. § 3553(a), the government objects to the requested two-level reduction in the offense level. It relies on *Dillon v. United States*, 560 U.S. 817, 821 (2010), for the proposition that a reduction must be consistent with applicable policy statements issued by the Sentencing Commission. ECF 647 at 2; *see* U.S.S.G. § 1B1.10(a)(1).

It is undisputed that the defendant is eligible for a sentencing reduction. *See* 18 U.S.C. § 3582(c); U.S.S.G. § 2D1.1, as amended by Amendment 782, and made retroactive by U.S.S.G. § 1B1.10(d). Under Amendment 782, Mr. Wright's base offense level would be a 34, not the 36 that was applicable at the time of sentencing. And, his total offense level would be 38, instead of the original total offense level of 40. When combined with Wright's criminal history category of IV, his revised guideline range is 324 to 405 months, in lieu of the original range, which was 360 months to life. He has asked the Court to impose a sentence for Count One at the bottom of the range, *i.e.*, 324 months, consistent with what Judge Legg's decision to impose sentence at the bottom of the original guidelines range.

The government points out that under *Dillon*, the Court must consider the factors under § 3553(a) and determine, in its discretion, whether a reduction is appropriate "under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see also* § 3582(c)(2) (authorizing courts to

reduce prison term after consideration of the factors in § 3553(a), if applicable). The government resubmits the arguments previously presented to Judge Legg at the sentencing, in support of its earlier request for a sentence of 50 years. *See* ECF 647 at 4; ECF 461 (Sentencing Transcript, 4/28/10) at 17-24.

I see no reason to vary from Judge Legg's thoughtful and careful analysis, which led him to the bottom of the guideline range for Count One. Clearly, the underlying offense was extremely serious. But, the defendant's prior record was not as serious as many others that the Court tends to see. Until the instant offense, he had one felony conviction for which he received a 24-month sentence. Notably, the probation agent supports the defendant's Motion. *See* ECF 642-1 at 2.

As the defendant observes, the reduction would reduce his sentence from 35 years to 32 years. As the defendant puts it, that term "is severe by any measure." ECF 656 at 2. Even with the reduction, the defendant will not be released from custody until he is between 64 and 65 years of age. Taking into account the seriousness of the offense, and all the factors under § 3553(a), I shall grant the Motion.

An Order follows.


Date: March 9, 2018                                    _____/s/_____
                                                      Ellen L. Hollander
                                                      United States District Judge